Hutchinson v. Harttmann.

---

GEORGE E. HUTCHINSON, *et al.,* v. MAURICE HARTTMANN.

1. TITLE; *Unrecorded Deeds; Possession.* A deed executed September 24th 1855, and never recorded in the county register's office, has never had any validity as against a subsequent, innocent, *bona fide* purchaser from the same grantor, for a valuable consideration actu-

ally paid, where such subsequent purchaser has taken possession of the property under his purchase, and has had his deed duly recorded.

2. PUBLIC RECORD; *What Notice it Imparts.* The record of a quitclaim deed, executed May 2d 1861, and recorded December 5th 1861, simply gives notice of the existence and contents of such deed to all subsequent purchasers from the same grantor. It does not give notice to any person that such grantor had any right to the property; nor does it give notice to any person of any prior, unrecorded deeds, constituting a chain of title to said grantor.

### Error from Douglas District Court.

ACTION by *Harttmann* as plaintiff, to quiet title to a lot occupied and claimed by him. Both parties claimed title in fee, and from the same common grantor. The district court, at the November Term 1872, gave judgment in favor of the plaintiff, and the *Hutchinsons,* defendants, bring the case here for review.

*Riggs, Nevison & Simpson,* and *Wilson Shannon,* for plaintiffs in error:

The only evidence offered by plaintiffs in error, and objected to by Harttmann, on the ground that it was secondary and not the best evidence, was admitted by the court, and no exception was taken by Harttmann. The objection that such evidence, or any part of it, was secondary, cannot therefore be made here. Plaintiffs in error also offered in evidence certain other records, the reading of which was objected to. It was finally stipulated that the records should be read in evidence, subject to the decision of the court upon their admissibility, thereafter to be given. This decision was never given. Plaintiffs in error were thus deprived of their exceptions, in case the records were excluded. And, in the event that only a part was received, plaintiffs in error were entitled to notice thereof, that they might supplement the rejected part with other proof. It follows, that all the evidence offered by plaintiffs in error must be considered as having been duly received, or as having been erroneously excluded. If the evidence was erroneously rejected, we do not need other

grounds for a reversal of the judgment. If it was duly received, the court committed an error in reaching the result it did.

The Hutchinson title, derived through Addis' deed to Mott, is good as being the elder, unless there was a law in force on the 24th of September 1855 which rendered unrecorded deeds invalid as against subsequent innocent purchasers. (2 Lead. Cases in Eq. 67; Broom's Legal Maxims, 345; 10 Peters, 210.) A law requiring deeds to be recorded in the office of the recorder of deeds of the county in which the land was situated, is found in the statutes of 1855, page 182, § 42. But nothing in the official volume fixes the date when the statute took effect. The law, it is true, contained a provision that it should go into effect on its passage; but the date of its passage is not given. The court certainly will not divest a title, otherwise good, on the strength of a *presumption*, that a certain law, not published until after November 1, 1855, (see preface to Statutes of 1855,) went into effect before September 24th 1855. If the court, to ascertain the date of the recording act of 1855, should consult the state archives, it will also learn that the first clerk of the probate court of Douglas county was James Christian, whose commission bears date September 29th 1855. The clerk of the probate court was *ex officio* recorder of deeds, (Statutes of 1855, p. 650, § 4.) But the clerk was forbidden to act as recorder until he had filed a certain bond, (Statutes 1855, p. 651, §§ 5, 6, and 7.) This bond could not have been of earlier date than the commission, September 29th. It undoubtedly bore a later date. There was, therefore, no obligation, because it was not possible, to record real-estate transactions before September 29th; probably not till long after. The legislature could not impose a duty impossible of performance. (6 Paige, 630.) The recording act of 1855 did not therefore become binding until a registry office was provided. The date of the taking effect of the registration act cannot be earlier than the date of the opening of the recorder's office in the county in which the

land was situated. An earlier date would render the law unconstitutional. None of the registration laws of Kansas have in express language, or by implication, applied to transactions in real estate of earlier date than the date of the law. We concede that a statute may be constitutional which requires the recording of deeds executed before its passage, provided always, that a reasonable time is given after the law goes into effect in which to make the record, and that reasonable notice is given of the passage of the act; (6 Peters, 289.) The recording law of 1855 is not, either by express language or by implication, retrospective; and even if it were, as it did not allow a reasonable time in which to make the record of past transactions, and as the law took effect without notice, and long before its publication, (see preface, Statutes 1855,) it follows that the construction claimed is indefensible on every ground, and is supported neither by reason nor authority. The burden of proving when the first registration law of Kansas took effect is, therefore, cast upon defendant in error, who seeks to avoid a title otherwise good by calling to his aid the registration laws. It is for *him* to show that the common law was supplanted by the recording act before the 24th of September 1855.

At the time when Rebecca D. Hutchinson, the ancestor of plaintiffs in error, acquired her title, the deed from Addis to Harttmann was not of record in the county registry office. Mrs. Hutchinson therefore bought without knowledge, actual or constructive, of the Harttmann claim. By the terms of the registry law, the deed to Harttmann, as to Rebecca D. Hutchinson, was therefore invalid and void.

But there was an act passed in 1857, (Ter. Laws, 1857, page 316,) which legalized the Ladd records, and by § 3 thereof all deeds recorded before the date of the act should take effect according to their date, and not according to record. If this law is constitutional the Hutchinson title is the best, because the conveyance from Addis to Mott was prior to that from Addis to Harttmann. The record was also prior.

*Cobb & Chadwick,* for defendants in error:

Harttman clearly proved title in himself, by his deed from Addis, the common source of title. The defendants proved no title. The only evidence that appears to have been given by defendants below, and received by the court, was a copy from the office of the register of deeds, purporting to be a conveyance of the property from Walter C. Hutchinson and wife to Rebecca D. Hutchinson. The paper purporting to be a copy of a deed from Addis to Mott; also the so-called power of attorney from Mott to G. W. Hutchinson; also the copy deed by G. W. Hutchinson to Walter C. Hutchinson; also the letter from Mott to G. W. Hutchinson, as to the sale of his property, and the certificate of Mott, indorsing the action of Geo. W. Hutchinson, were all objected to by plaintiff, and by the consent of counsel taken by the court, subject to the exceptions, to be afterward decided by the court. The court never announced its decisions upon these objections, and was never requested to do so by counsel, and consequently no exceptions were ever taken to his rulings upon these questions. Nor is it known — except by inference — whether the court admitted or rejected such testimony. It is necessary for the counsel to show error upon the record. They must show the specific error of which they complain, and that it was duly excepted to at the time. They cannot claim that the court erred in rejecting the testimony, for they did not except to any such ruling. Nor can they assign error in the alternative, that the court erred in the rejection of testimony, or in the judgment, because the errors in rejecting testimony, if any, were not excepted to, and the motion for a new trial does not make the rejection of evidence a ground of the motion.

Harttmann being admitted by the pleadings to be in possession, and having proved a conveyance to him from Addis, who was admitted on the trial to have been the owner at the time of such conveyance, thereby made out his case. The defendants gave in evidence a deed of the same property

10—15 KAS.

from Walter C. and Mary F. Hutchinson to Rebecca D. Hutchinson, and it was admitted that said Rebecca was dead at the time of the commencement of the action, and that the plaintiffs were her only children, and living and of full age at the institution of the suit, and were the only heirs-at-law of the said Rebecca. This is all the evidence received for the defendants below. Now, no title having been shown in Walter C. Hutchinson or Mary F. Hutchinson, this evidence clearly constitutes no defense to Harttmann's action.

But if the evidence offered had all been received, Harttmann was still entitled to judgment. He was a *bona fide* purchaser, for valuable consideration paid before the deed to Mott was recorded, either according to law, or in the book kept by Ladd. His deed bears date, March 1st 1856, and the deed to Mott was not recorded anywhere at that time, and it never was recorded according to the laws of the territory or state. The deed of Addis to Harttmann, duly acknowledged, was recorded in the office of the register of deeds, July 30th, 1864. The title, as against Mott's unrecorded deed, passed by the payment and conveyance to Harttmann without waiting for Harttmann to record his deed: 2 Lead. Cases in Eq. 182; 1 Peters, 552; 17 Ohio, 226; 24 Ala. 61.

But it is claimed that the act of February 20th, 1857, entitled "An act appointing Trustees for the City of Lawrence," (Laws of 1857, page 316,) gives Mott's title the preference on account of its prior date. That act can have no such effect. It was not intended to have such effect, as its preamble, title and subject-matter clearly show. Section 3 of that act, in providing "that no preference shall be given to any person on account of prior registry in said book of record up to this time, when two or more persons shall have a deed to the same lot, but those of the oldest date shall take precedence," was meant only to say that the trustees should deed to the person having the oldest deed, without reference to Ladd's record, but did not undertake to interfere with the right of the courts to protect rights vested already, under

contracts of purchase. But if this law was intended to affect titles like this it could not have such effect, because it would in that respect be unconstitutional and void. When Harttmann made his purchase *bona fide,* and paid his money, and took his deed, Mott's deed not having been recorded according to the laws of the territory, or in any other manner, Harttmann's title vested. He acquired all the title Addis had to convey before the deed to Mott, because Mott's deed was void as to him. (See Laws of 1855, p. 182, § 42; 24 Ala. 61; 1 Pet. 552; 17 Ohio, 226.)

Rebecca Hutchinson does not take the title from the plaintiff by prior registry. The registry act protects only subsequent purchasers from the same grantor: 6 Hill, 469; 2 Barb. Ch. 151; 14 Pick. 224; 10 Mo. 34; 1 Johns. Ch. 566; 5 Serg. & Rawle, 246. Again, if she would make her prior registration available, it could be done only by registering her whole chain of title back to Addis, the common grantor. The registration of a deed is constructive notice only of what the record shows. The record in this case shows a conveyance from Walter C. and Mary Hutchinson, but does not show and is no notice that they had any rights to convey: 23 Maine, 165; 22 Barb. 328. But she is not protected because it is not proved that she paid the consideration-money. See the recording acts in force when her conveyance was taken: Comp. Laws, 355, § 13; 46 Mo. 473; 7 Johns. Ch. 65; 1 Sumner, 506; 8 Wheat. 421. And such payment must be proved by evidence other than the deed. As to persons other than the parties to the deed, the acknowledgment of the payment of consideration in the deed is mere hearsay. Even allowing the books kept by Ladd to be legal books of registration, her chain of title would not be recorded. The power of attorney, under which the deed from Mott was made, was never registered in Ladd's books. The paper so registered was not a power to convey anything, but if there was any power to convey it was contained in the letters, which were neither acknowledged nor recorded. The power of attorney under which the deed was made was part of the conveyance, and the statute ex-

pressly required it to be registered. Laws of 1855, p. 182, § 43.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to quiet title brought by Harttmann against the Hutchinsons. The plaintiff in his petition set up title and possession in himself. The defendants in their answer denied the plaintiff's title, and set up title in themselves, but did not deny the plaintiff's possession. "On the trial it was stipulated and agreed that on the 24th of September 1855 the legal title to the lot in controversy, to-wit, Lot No. 64, on Massachusetts street, in the city of Lawrence, was vested in A. S. Addis, and that both plaintiff and defendants claim title from and under said A. S. Addis." The plaintiff's title is a deed from Addis to himself, dated March 1st 1856, recorded in E. D. Ladd's register September 2d 1857, and recorded in the county register's office July 30th 1864. He was a *bona fide* purchaser of the lot, without notice of any prior deed having been executed by Addis. The defendants' title is as follows: Deed from Addis to John S. Mott, dated September 24th 1855, never acknowledged, nor recorded in the county register's office, but recorded in Ladd's register March 23d 1857. An informal and conditional power of attorney from Mott to G. W. Hutchinson to sell lots in Lawrence (not naming the lots) dated December 4th 1855, not acknowledged, nor recorded in the county register's office, but recorded at some time (when not shown) in Ladd's register. Two letters from Mott to G. W. Hutchinson, not acknowledged or recorded anywhere. Deed from Mott, executed by G. W. Hutchinson as attorney-in-fact for Mott, to Walter C. Hutchinson, dated March 1st 1857, not acknowledged, nor recorded in the county register's office, but recorded in Ladd's register March 23d 1857. Deed from Walter C. Hutchinson and wife to Rebecca D. Hutchinson, dated May 2d 1861, acknowledged, and recorded in the county register's office December 5th 1861. Rebecca D. Hutchinson is dead, and the defendants are her heirs. Some of these matters were

proved on the part of the defendants by very questionable evidence, but for the purposes of the case we shall consider them sufficiently proved.   The judgment in the court below was in favor of Harttmann.

We do not understand that the plaintiffs in error claim that the recording of said deeds in Ladd's register, or the act of the legislature of February 20th 1857, entitled "An act appointing trustees for the city of Lawrence," (Laws of 1857, page 316,) affect the merits of this case in the least.   While they may claim that said act gave them a right to read from said register copies of said deeds as evidence, we do not understand that they claim that said act dispensed with any of the requirements of the general registry laws, or relieved any person from any of the consequences that would naturally result in any case from a compliance or noncompliance with said registry laws.   Hence we shall have nothing further to say with reference to said Ladd's register, or said act.

The principal portion of the argument of the plaintiffs in error is made upon the hypothesis that the act of the legislature of 1855 "regulating conveyances," (Laws of 1855, p. 173, et seq.,) was not in force on September 24th 1855, when the deed from Addis to Mott was executed; and upon this hypothesis they seem principally to rest their case.   But the hypothesis is not correct.   Said act took effect and was in force from and after its passage, which was sometime in August 1855.   The legislature that passed said act adjourned *sine die* on August 30th 1855.   Now, under said act (Laws of 1855, p. 182, § 42,) said deed never had any validity as against Harttmann, for it was never recorded in the county register's office; and although Harttmann was a subsequent purchaser of the property, yet he was an innocent and *bona fide* purchaser of the same, for a valuable consideration actually paid, and he took possession of the property under his purchase, and had his deed therefor duly recorded in the county register's office.   Even if Harttmann's deed under the same act was void as to Mott and the Hutchinsons (as it probably was) until he had it recorded in the county register's

office, still he finally had it so recorded. The act of 1859 "regulating conveyances" (see Laws of 1859, p. 290, §13; Comp. Laws of 1862, p. 355, §13,) could not by its terms make Mott's deed valid as against Harttmann without being recorded, although such act may have made Harttmann's deed valid as against Mott and the Hutchinsons before it was recorded, for none but Harttmann was a "subsequent purchaser for a valuable consideration, without notice" from Addis, within the meaning of §13 of that act. Only one deed in the defendants' chain of title from Addis down to Rebecca D. Hutchinson was ever recorded in the county register's office, and that was the deed from Walter C. Hutchinson and wife to Rebecca D. Hutchinson. Now probably all the deeds in the defendants' chain of title from Mott down to Rebecca D. Hutchinson were void on acount of the defective and informal execution of the deed from Mott to Walter C. Hutchinson; but even if they were not void for that reason, still we think they cannot affect the plaintiff's title, because the title of Mott himself is void as against the plaintiff's title. Neither can the recording of the deed from Walter C. Hutchinson and wife to Rebecca D. Hutchinson affect the plaintiff's title. The record of that deed simply gives notice of the existence and contents of such deed to all subsequent purchasers of the property from Walter C. Hutchinson. It does not give notice to any person that Walter C. Hutchinson and wife had any right to the property in controversy. Nor does it give notice to any person of any of the prior deeds in the defendants' chain of title. That is, the recording of one deed does not constitute a record of all deeds prior to it, and which with it constitute a chain of title. But the said deed from Walter C. Hutchinson and wife to Rebecca D. Hutchinson does not pretend or purport to show where Walter C. Hutchinson obtained his interest in the property. It is merely a quitclaim deed. (The authorities sustaining these propositions will be found in the brief of defendants in error, and in 3 Washb. on Real Prop. 285, 591.)

The judgment of the court below, in addition to what is necessary to be contained therein contains an order that the plaintiff shall *recover* the premises from the defendants. Now while this order is wholly unnecessary, and therefore erroneous, yet we cannot see how it can affect the substantial rights of the defendants. Of course the plaintiff does not want to *recover* what he already has. He merely wants to have his title and possession quieted, and this is all that the judgment below should have attempted to do. The judgment may be corrected in this respect, without costs. In all other respects the judgment of the court below will be affirmed.

All the Justices concurring.